GEORGIANNA BOOTH et al., appellants,

v.

ROBERT HOWARD BEATTIE et al., respondents.

[Decided January 18th, 1924.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Backes, who filed the following opinion:

"After a thoughtful consideration of the carefully prepared briefs of counsel and a study of the cases cited I have reached these conclusions:

"1. The resolution of the stockholders fixing the salary (extra compensation) of the managing directors is not voidable simply because it was passed by the votes of the stockholders-directors benefited thereby; that is to say, it is not voidable at the option of a dissenting stockholder as are similar resolutions similarly passed by a board of directors, but it is reviewable in equity as to the fairness and reasonableness of the salary at the instance of such stockholder. The rule is that contracts made by a board of directors with one of their number are, regardless of merits, voidable at the option of a dissatisfied stockholder, while such contracts sanctioned by a majority of the stockholders will be set aside by the court if it is disadvantageous to the minority stockholders. Equity will investigate.

"2. The resolution is not as a matter at law invalid because of its permanence. ·That element may have a bearing on the motive and good faith of the vote supporting it. If passed and maintained in good faith annual reiteration would be mere form.

"3. The resolution is not as a matter of law invalid because the salary (additional compensation) is contingent upon the dividends. Nor is it objectionable as a business proposition.

The method is practical, commercially sound and obtains in corporate management.

"4. The resolution was not brought about by unfair or improper means and is not illegal or fraudulent or oppressive towards stockholders who oppose it.

"5. The resolution was passed in good faith and in the interest of the company. That the managing directors by whose vote it was passed share in the advantages is an unobjectionable incident. The cases I have examined which are apparently adverse to this view all have a taint of fraud, or a touch of overreaching.

"6. The resolution is not invalid because it does not define the duties of the managing directors for which the extra compensation was allowed. They were charged with full responsibility for the successful operation of the company, and their duties were so varied and comprehensive as to be incapable of specification except in the most general and sweeping term. They were well known to the stockholders.

"7. The complainants are estopped from an accounting for the additional compensation to and including the fiscal year of 1921.

"8. The additional compensation was to the managing directors as a unit, and the death of Robert Beattie, 3d, did not work a lapse or an abatement—the survivors having shouldered his duties and responsibilities with the assistance of John A. Beattie, and to the knowledge of the complainants, and they are estopped.

"9. The two managing directors have not been overpaid. In my judgment their services to the company since the adoption of the resolution were worth at least what they received. The company could, no doubt, hire managers at less pay, much less, but not managers who could produce results as these did. They could be replaced, but not duplicated. They are not merely carpet men but Beattie carpet men, skilled and trained to make and market Beattie rugs—a distinctive line in the trade and at the top. They, the third generation (now breaking into the fourth) are as intensive and tireless

as were their forbears and the enormous earnings of the company are due to their devotion to its affairs. The company is immensely rich in property much of which would be dead weight if their spirit were not in the work. This, I fear the women folks of the Beattie family—the objecting minority stockholders—do not appreciate, probably because they have been imperfectly informed.

"10. The apprehension of the complainants, expressed in their brief, that the resolution is applicable to future dividends of the vast surplus piled up by the defendants-managing directors, is labored. The resolution has been defined by their conduct and the remedy will be handy if there are encroachments.

"The bill will be dismissed. If an appeal is taken, counsel will advise me so that I may elaborate my views."

*Mr. Henry H. Snedeker,* for the appellants.

*Messrs. Collins & Corbin,* for the respondents.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons stated in the opinion filed in the court below by Vice-Chancellor Backes.

*For affirmance* — THE CHIEF - JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, HEPPENHEIMER, GARDNER, ACKERSON, VAN BUSKIRK, CLARK—13.

*For reversal*—None.